[No. 7235.]

Burgess et al. v. Keck et al.

1. Pleadings—*Complaint—Insufficiency—Manner of Making Objection*—That the complaint fails to state a cause of action, may under secs. 56, 61 of the code, be urged by demurrer, answer, or an objection to testimony.

2. ——*Construed*—The complaint averred that plaintiffs executed to defendants two promissory notes payable in one and two years from date, respectively, for part of the purchase price of a stallion; that defendants issued to plaintiffs a certificate evidencing the interest of each in the stallion, and represented to plaintiffs that they were the owners of the stallion "according to the interests as they appeared in said certificate"; that plaintiffs signed and delivered the notes upon these representations; that defendants disposed of the notes for value, and at the same time issued to certain other persons named certificates that they also were interested in the stallion to amounts named, and that this was in fraud of plaintiff's rights, and to their damage in a sum specified. *Held*, that the representation that plaintiffs were the owners "according to the interests as they appeared, etc.," was manifestly a true representation; that inasmuch as the total price agreed to be paid for the animal was nowhere stated, or the individual or joint interest which the plaintiffs were to acquire, so that for anything appearing, their interests were, in the aggregate, less than the entire property in the animal, and the subsequent issue of certificates of interest to the others named, no invasion of their right, the complaint showed no cause of action.

*Error to Rio Grande County Court.*—Hon. ALDEN BAS-SETT, Judge.

Mr. ARTHUR PONSFORD and Mr. GEORGE P. STEELE, for plaintiffs in error.

Mr. J. C. WILEY, for defendants in error.

Mr. JUSTICE WHITE delivered the opinion of the court:

The position of the parties in the court below was the reverse of what it is here. The plaintiffs were Christian Keck, Frank Hanna, Jake Gredig, E. F. Robran, Fritz Botefur, Frank Lohr, Frank Davies and James Davies, doing business as Davies Bros., O. L. Million, Philip Bingel, Joseph W. Hall, John Schrope, George Bachmann, Bert Campbell, C. D. Wadsworth and Jack Warr. The complaint alleged, substantially, the execution and delivery by plaintiffs of their two certain promissory notes, payable to the order of defendants, one and two years respectively after their date; that the consideration for which the notes were given "was a part of the purchase price of a certain" stallion; that the defendants, through an agent named, "issued to each of the plaintiffs a certificate showing and evidencing the interest or share each of plaintiffs owned in said stallion," setting forth a blank form of the certificate, but in no wise disclosing either the individual or joint interest of the plaintiffs in the horse; that the defendants through the agent named "represented to plaintiffs and each and every of them, that they, plaintiffs, were the owners of said stallion according to the interests as they appeared in said certificates;" that plaintiffs, upon such representations, signed and delivered the notes; that defendants sold and disposed of the notes for a valuable consideration; that defendants "at the same time issued to Frank Davies a certificate as aforesaid conveying to the said Davies an interest in said stallion to the amount of $200.00, and also issued a certificate to one J. L. Jemison an interest in said stallion to the amount of $100.00. That these actions on the part of said (defend-

ants) were done in fraud of plaintiffs' rights and to their damage in the sum of $300.00."

Three separate defenses were interposed, the third, of which is, substantially a demurrer to the complaint for lack of sufficient facts to constitute a cause of action. This defect in the complaint was again presented for consideration of the court on objection to the introduction of any evidence.

While the insufficiency of the complaint, in this respect, might have been presented separately by demurrer, nevertheless such defect is made available at any time. Sections 56 and 61, Code Civil Proced., R. S. 1908. It was, therefore, properly interposed in the answer, and likewise presented by objection to the introduction of evidence.—*McKee v. Howe,* 17 Colo. 538, 539.

We are unable to discover in the complaint facts sufficient to constitute a cause of action. The consideration for plaintiffs' notes, as alleged, "was a part of the purchase price of a certain" stallion, for which each plaintiff received "a certificate showing and evidencing" his interest or share in the horse. The full purchase price is not disclosed, nor does the complaint set forth the individual or aggregate interests of the plaintiffs in the horse. For aught that appears the purchase price might have been much more than the aggregate sum of the two notes, and the aggregate interests or shares of the plaintiffs much less than the full ownership of the horse.

Moreover, the complaint, having alleged that each plaintiff received a "certificate showing and evidencing" his interest or share in the horse, the subsequent allegation therein that defendants "represented to plaintiffs and each and every of them, that they, plaintiffs, were the owners of said stallion according to the interests as they appeared in said certificate" is in no wise a false representation. If plaintiffs received "a certificate showing and evidencing" their respective interests or shares in the horse, they were necessarily the owners of the horse "according to the interests as they appeared in said certificates." If plaintiffs had not purchased the entire title

to the horse, and the aggregate sum of their notes did not represent its full purchase price, how, in the absence of facts showing the full purchase price, and all the owners of the horse, can it be said that plaintiffs were injured, damaged or defrauded by defendants' issuing certificates to Davies and Jemison for certain interests therein? It might properly be assumed that such parties paid the balance of the purchase price, and received therefor evidence of ownership of the interests not held by plaintiffs.

While the case must be reversed because of the insufficiency of the complaint, it is proper to state that we have read the entire record, and suggest that plaintiffs have probably misconceived their cause of action, if any they have against defendants. The evidence shows that the purchase price of the horse was $3,600; that ownership thereof was to be divided into eighteen parts evidenced by shares of $200.00 each. A book kept by the purchasers of the horse was, over the objection of the defendants, introduced in evidence, purporting to show the ownership of the several interests or shares in the horse. Assuming that such book was admissible, as proving the interests as sold therein by the defendants, it disclosed the aggregate interests of the plaintiffs in the horse to be thirteen and one-half shares equal to the value of $2,700, whereas the notes which they had signed aggregated $3,000. If plaintiffs signed joint notes aggregating $3,000, and each plaintiff received the identical interest in the ownership of the horse that he contracted for and agreed to purchase, they were not damaged by reason of sales of other interests therein to other persons. If they were damaged at all, the damage arose by reason of having paid more for the aggregate interests purchased than they agreed to pay, which might have arisen by mutual mistake.

The judgment is, therefore, reversed and the cause remanded. *Judgment reversed and remanded.*

Mr. JUSTICE MUSSER and Mr. JUSTICE BAILEY concur.